# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHAJI BROWN** | * | **CIVIL ACTION NO: 2:21-00843** |
| | * | |
| **VERSUS** | * | **HON. JUDGE LANCE AFRICK** |
| | * | |
| **THE ALABAMA GREAT SOUTHERN** | * | **MAG. JUDGE NORTH** |
| **RAILROAD COMPANY** | * | |
| ************************************* | | **TRIAL BY JURY** |

## PLAINTIFF'S ANSWERS TO DEFENDANT, ALABAMA GREAT SOUTHERN RAILROAD'S FIRST SET OF INTERROGATORIES

To:  **Alabama Great Southern Railroad Company**
     Through its attorneys of record
     Benjamin R. Slater, III
     Katharine R. Colletta
     CHAFFE McCALL, LLP
     2300 Energy Centre
     1100 Poydras Street
     New Orleans, Louisiana  70163

NOW COMES, through undersigned counsel, Plaintiff, Shaji Brown submits his answers to Defendant, Alabama Great Southern Railroad Company's First Set of Interrogatories, as follows:  Plaintiff asks Defendant to note that this plaintiff has not fully completed the investigation of the facts relating to this case, has not fully completed his discovery in this action and has not completed preparation for trial.  All of the answers contained herein are based only upon such information and documents which are presently available to and specifically known to plaintiff and disclose only those contentions which presently occur to this plaintiff.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual

conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the contentions herein set forth.

**INTERROGATORY NO. 1:**

Identify each person, known or reasonably felt by you, your attorney, or other representative, to have knowledge of any information relevant to the June 28, 2020 incident or injuries alleged in the complaint or of plaintiff's claims and damages.

**ANSWER TO INTERROGATORY NO. 1:**

To the best of his knowledge and information, Plaintiff lists the following individuals:

1. Shaji Brown;

2. Demetrious White;

3. David Debouchel;

4. Trey Pollet;

5. Demerian White;

6. Don Samples;

7. Nick Delamarter;

8. J.C. Hill;

9. Yardmaster on-duty, Donald (last name unknown.)

**INTERROGATORY NO. 2:**

Identify all eyewitnesses to the Incident.

**ANSWER TO INTERROGATORY NO. 2:**

Plaintiff does not know if there is eyewitness to the switching event that caused his injury. Plaintiff's engineer, David Debouchel gave a written statement confirming that he could feel that cars has been "kicked" into their track. Plaintiff then boarded the engine and described

what occurred and that "his back wasn't feeling right."   Mr. Debouchel confirmed these statements made by Plaintiff.   Plaintiff does not possess any further responsive information concerning any potential eyewitnesses.  If additional information is obtained in further discovery, Plaintiff will supplement his Answer.

**INTERROGATORY NO. 3:**

Identify any and all injuries, medical problems, and/or physical/mental/emotional conditions that you, your Health Care Providers, or experts attribute to the alleged June 28, 2020 Incident that forms the basis of this Lawsuit.

**ANSWER TO INTERROGATORY NO. 3:**

Plaintiff attributes his low back and spine problems to the incident on June 28, 2020.  To the extent Plaintiff received treatment to the same body parts before this incident, the events on June 28, 2020 exacerbated those problems and caused further on-going medical treatment.  In addition, AGS's unlawful termination of Plaintiff has caused stress and anxiety due to the financial impact on his family caused by his inability to earn income.

**INTERROGATORY NO. 4:**

Please state whether, prior to the Incident, you were ever treated by a Health Care Provider for any of the injuries, medical problems, and/or physical/mental/emotional conditions identified in response to Interrogatory No. 4.  If so, please identify the Health Care Provider(s) providing such treatment.

**ANSWER TO INTERROGATORY NO. 4:**

Please see the enclosed records from the Veteran's Administration.

**INTERROGATORY NO. 5:**

Identify all Health Care Providers from whom or where you have sought or received

consultation, care, testing, treatment, therapy, counseling or medication for any reason, at any time, from January 1, 2011 through the present, also identifying the date or dates of treatment and the injury or injuries and/or complaints for which you sought treatment.

**ANSWER TO INTERROGATORY NO. 5:**

Please refer to the Medical Provider Chart provided.  We will continue to supplement records as received.

**INTERROGATORY NO. 6:**

Identify all pharmacies where prescriptions were filled by you or on your behalf between January 1, 2011 and present.

**ANSWER TO INTERROGATORY NO. 6:**

To the best of his information, Plaintiff get his prescriptions filled at the VA noted in the Medical Provider Chart previously produced.

**INTERROGATORY NO. 7:**

Identify all written, oral, or recorded statements taken or received by you or anyone acting on your behalf regarding the Incident.

**ANSWER TO INTERROGATORY NO. 7:**

Plaintiff has not taken any statements.  Plaintiff does not possess any responsive information other than what was produced by AGS.

**INTERROGATORY NO. 8:**

State whether you ever made any complaint of any condition respecting your employment to your employer or any labor union or other person or body and, if so, set forth in complete detail the complaint, the recipient of such complaint, the result of the complaint and, if in writing, attach a copy hereto.

**ANSWER TO INTERROGATORY NO. 8:**

Plaintiff does not possess any responsive information or materials.

**INTERROGATORY NO. 9:**

Identify each and every person who has knowledge of any facts relating to your claim under the Federal Railroad Safety Act, 49 U.S.C. § 20109 ("FRSA") in this action; describe the fact(s) of which each such person has knowledge, and identify all documents in the person's possession, custody, or control which are known to Plaintiff and which relate to or support your FRSA claim.

**ANSWER TO INTERROGATORY NO. 9:**

Other than the information provided to Plaintiff in AGS' Initial Disclosures we do not possess further information.  All of the persons listed in Answer to Interrogatory No. 1. Possess relevant information pertaining to Plaintiff's claim for unlawful termination.

**INTERROGATORY NO. 10:**

Identify all AGS or other standards, safety rules, and/or operating rules that you believe AGS violated relating to the Incident made the basis of this Lawsuit.

**ANSWER TO INTERROGATORY NO. 10:**

At this time, please refer to our Answer to Interrogatory No. 11.

**INTERROGATORY NO. 11:**

In paragraph 11 of the plaintiff's Original Complaint (adopted and incorporated into plaintiff's First Amended Complaint at paragraph 1), the plaintiff alleges seven (7) separate bases in support of her claim that AGS was negligent.  Identify all facts, documents, and witnesses upon which the plaintiff intends to rely at trial to prove that AGS was negligent in each of the aforementioned respects.

**ANSWER TO INTERROGATORY NO. 11:**

At the present time, discovery is on-going and Plaintiff is not able to provide a complete answer. However, Plaintiff may rely on the following documents to establish liability under FELA and FRSA:

1. A66 Crew SW Lead Track 7 Switch List;

2. A67 Crew NW Lead Track 7 Switch List;

3. Brown Form 22 Personal Injury Report;

4. Damiern White Sworn Statement 10-16-20;

5. Davin DeBouchel Written Statement 6-28-20;

6. Demerian White Written Statement 6-29-20;

7. Job Briefing Rules;

8. July 7, 2020 Initial Charge Letter;

9. November 3, 2020 Termination Letter;

10. Oliver Yard Channel 1 Transcript;

11. Operating and Conduct Rules;

12. Trey Pollet Written Statement 6-29-20;

13. October 19, 2020 Investigation Transcript;

14. Norfolk Southern Safety and Operating Rule 229, Switching Operations;

15. Norfolk Southern Safety and Operating Rule 230, Proper Understanding between Crews when Switching;

16. Norfolk Southern Safety and Operating Rule 570(a), Duties of Yardmasters;

**INTERROGATORY NO. 12:**

Identify all photographs or videos in your possession that are relevant to the claims or issues in this case, by the location shown in each photograph or video, what is depicted in each

photograph or video, the date each was taken, and the person who took each photograph or video.

**ANSWER TO INTERROGATORY NO. 12:**

    Plaintiff does not possess any responsive information or materials.

**INTERROGATORY NO. 13:**

    Identify the source or sources of all income or benefits that you have applied for and/or received in the last ten (10) years, including but not limited to any disability or pension income, insurance, workers' compensation benefits, RRB benefits, sickness benefits, unemployment or disability compensation, welfare benefits, or social security benefits.  For each source of income or benefits, please provide the nature of any such payment(s) and the date you received such income or benefits.

**ANSWER TO INTERROGATORY NO. 13:**

    Other than pay from his employers, during the last 10 years, Plaintiff has received VA benefits, reserving all objection to relevance and collateral source.  We are in the process of verifying receipt of any sickness benefits from the U.S. Railroad Retirement Board.

**INTERROGATORY NO. 14:**

    Identify your current employer(s) and all employers for the ten (10) year period preceding the Incident.

**ANSWER TO INTERROGATORY NO. 14:**

    The following are approximate dates of employment.

    Current employer:  US Express:  September 2021

    Alabama Great Southern: 2018 to 2020;

    United Parcel Service 2017 to 2018;

Burlington Northern Santa Fe: 2017;

Department of Homeland Security: 2014 to 2017;

U.S. Post Office: 2014

R & L Carriers: 2010

**INTERROGATORY NO. 15:**

Describe your educational background, including all education or vocational training received at any time before or after the Incident.

**ANSWER TO INTERROGATORY NO. 15:**

Abramson Sr. High School; Central Texas College and Delgado Community College.

Attended driving school to obtain CDL after accident.

**INTERROGATORY NO. 16:**

Identify your current residential address and any residential addresses you have maintained in the ten (10) years preceding the Incident.

**ANSWER TO INTERROGATORY NO. 16:**

18167 Pine Hurst Drive, Prairieville, Louisiana 70763

**INTERROGATORY NO. 17:**

Have you ever been a party to any civil, domestic, bankruptcy, administrative, worker's compensation, disability, or criminal proceeding?  If "yes," give the style and cause number of the proceeding and the court where the proceeding was pending.

**ANSWER TO INTERROGATORY NO. 17:**

Plaintiff reasonably believes that he did receive worker's compensation medical benefits for an on-duty injury that occurred while working for R & L Carrier's in 2009 as a forklift operator.  He received minimal medical treatment and does not recall there ever being a formal

claim.

**INTERROGATORY NO. 18:**

Have you ever been convicted of a felony crime or a crime involving moral turpitude in the last 10 years?  If so, identify the crime for which you were convicted, the date of the conviction, the county/parish and state in which the conviction occurred, and whether and where you were incarcerated.

**ANSWER TO INTERROGATORY NO. 18:**

To the best of his knowledge, no.

**INTERROGATORY NO. 19:**

Identify each and every document, item, exhibit, or thing that you may introduce into evidence or use in any way during discovery or at the trial of this matter.

**ANSWER TO INTERROGATORY NO. 19:**

Plaintiff has not yet determined the documents he may or will offer to introduce into evidence at the trial of this matter.  However, when that decision is made, Plaintiff will supplement the information required in accordance with the Court's scheduling order and pre-trial deadlines.

**INTERROGATORY NO. 20:**

Identify each and every witness whom you may call at the trial of this matter and specify the subjects on which the witnesses will testify.

**ANSWER TO INTERROGATORY NO. 20:**

Plaintiff has not yet determined the Witnesses he may or will call to testify in this matter. However, when that decision is made, Plaintiff will supplement the information required in accordance with the Court's scheduling order and pre-trial deadlines.

**INTERROGATORY NO. 21:**

Identify each person you have retained or may call as an expert witness, stating the subject matter on which the expert may be expected to testify, the substance of the facts and opinions to which the expert may be expected to testify, and a summary of the grounds for each such opinion.

**ANSWER TO INTERROGATORY NO. 21:**

Plaintiff has not yet determined the experts he may or will retain in this matter.  However, when that decision is made, Plaintiff will supplement the information required by Rule 26 in accordance with the Court's scheduling order and pre-trial deadlines.

Respectfully Submitted,

**DAVIS, SAUNDERS & MILLER**

BY:

*/s/ Joseph M. Miller*
_____

**JOSEPH M. MILLER #30636**
**BENJAMIN B. SAUNDERS #11733**
450 North Causeway Blvd., Ste D
Mandeville, Louisiana 70448
Telephone: (985) 612-3070
Facsimile: (985)612-3072
**Attorneys for Plaintiff, Shaji Brown**

**CERTIFICATE OF SERVICE**

I do hereby certify that above pleading was served by e-mail upon all counsel of record on this 30th day of September, 2021.

*/s/ Joseph M. Miller*
_____

**JOSEPH M. MILLER**