# DAVIS, SAUNDERS & MILLER, PLC

Established New Orleans 1975
~
450 North Causeway Blvd., Suite D
Mandeville, Louisiana 70448

Direct Line: 504.527.0000
Local Telephone: 985.612.3070
Local Facsimile: 985.612.3072

www.DavisSaunders.com

James T. Davis
(1932-1996)

Benjamin B. Saunders
bensaunders@davissaunders.com

Joseph M. Miller
jmiller@davissaunders.com

Nicholas B. Castrogiovanni
nick@davissaunders.com

Investigators
Darrell N. Collins
(1946-2005)

Desmond Hunter

Litigation Paralegal
Amanda Luc

Administrative Assistant
Gayle Kirk

March 17, 2022

*Via E-mail Only*

Benjamin R. Slater, III
Chaffe McCall L.L.P
1100 Poydras Street, Suite 2300
New Orleans, Louisiana 70163

Robert Hawkins
Andy Rolfes
Cozen O'Conner
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103

Re: *Shaji Brown v. Alabama Great Southern Railroad Company,*
Civil Action No.: 2:21-00843, Hon. Judge Lance Africk

Dear Counsel,

In accordance with the Court's Scheduling Order, please allow this correspondence to serve as our Rule 26 expert report disclosure in the above referenced matter.

As you may know, Rule 26(a)(2)(A) requires a party to disclose to the other parties the identity of any witness it may use at trial to present expert testimony.[1] If the witness is one retained or specially employed to provide expert testimony in a case, then the disclosure of the expert witness must be accompanied by a written report.[2] As such, treating physicians have traditionally been exempt from this written report requirement.[3]

In 2010, Rule 26(a)(2)(C) was added, and the disclosure requirements were changed. Rule 26(a)(2)(C) requires summary disclosures of the opinions offered by the experts who are not required to produce expert reports under 26(a)(2)(B). Treating physicians were discussed in the Advisory Committee Notes pertaining to the Rule 26(a)(2)(C) as being one of the categories of witnesses the Rules addressed.[4]

---

[1] F.R.C.P. 26.
[2] F.R.C.P. 26(a)(2)(B).
[3] *Perdomo* v. *United States,* 2012 WL 2138106, at *1 (E.D. La. June 11, 2012) *citing Beechgrove Redev., LLC* v. *Carter & Sons Plumbing,* No. 07-8446, 2009 WL 981724 at *4 (E.D. La. April 9, 2009); *Boudreaux* v. *JP. Morgan Chanse & Co.,* 2007 WL 4162908 at *2 (E.D. La. Nov. 21, 2007); *Knorr v. Dillard's Store Servs., Inc.,* 2005 WL 2060905, at *3 (E.D. La. Aug. 22, 2005).
[4] Advisory Committee Notes, F.R.C.P. 26.

**DAVIS, SAUNDERS & MILLER**
A PROFESSIONAL LAW CORPORATION

The Advisory Committee Notes categorized this disclosure as "considerably less extensive than the report required under Rule 26(a)(2)(B)."[5] In fact, the Advisory Committee Notes advise that "Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have."[6]

The Federal Rules developed this distinction between retained experts and treating physicians because a treating physician's testimony is based on the physician's personal knowledge of the examination, diagnosis and treatment of a patient.[7]

A treating physician's knowledge does not come alone from information acquired from outside sources, such as would be the case with a retained expert witness. A treating physician has firsthand knowledge of material facts; this permits him to state his opinions and inferences with regard to his patient's condition.[8]

Having set forth the basis for our expert disclosure under Rule 26(a)(2)(C), the treating physicians listed are expected present evidence regarding the following subject matters *in accordance with Rule 26(a)(2)(C)(i)*.

*Subject Matters that Are Reasonably Expected to be Presented by Treating Physician(s)*:

It is expected that these doctors may testify regarding their respective studies conducted of Plaintiff; the nature and purpose of said studies; how said studies were conducted; the respective interpretations of said studies; medical causation, i.e. that the accident in question directly caused Plaintiff's medical treatment, permanent physical restrictions, impairments, future medical treatment; and finally, any work restrictions resulting from Plaintiff's treatment.

It is expected that the providers will testify regarding their physical examinations of Plaintiff, the history taken from Plaintiff and the respective diagnoses made of Plaintiff based upon the examinations and history – all of which appears in the providers' respective records and those of other providers.

The basis of the doctor's opinions appear in their respective records and the records from other healthcare providers seen by Plaintiff and include (1) the history taken from Plaintiff; (2) the history obtained through records reviewed from other providers and/or studies performed, if any; (3) review of any diagnostic testing/studies; (4) any physical examination of Plaintiff; (5) the respective provider's education, training and background. Information regarding these witnesses' and their potential opinions are available from their respective medical records, which have been previously produced or obtained.

---

[5] *Id*.
[6] *Id*.
[7] *Jones v. Powell,* 2010 WL 3909278 at *3 (S.D. TX. Sept. 29, 2010) citing *Mangla v. University of Rochester,* 168 F.R.D. 137, 139 (W.D.N.Y. 1996).
[8] *Eubanks v. St. Tammany Parish Hospital Service District No.,* 2004 WL 1403403 at *2 (E.D. La. June 22, 2004) citing *Brown v. Best Foods,* 169 F.R.D. 385, 387 (N.D.Ala.1996).

**DAVIS, SAUNDERS & MILLER**
A PROFESSIONAL LAW CORPORATION

In addition to the medical records produced, pursuant to Rule 26(a)(2)(C) "*Witnesses Who Do Not Provide a Written Report*," Plaintiff designates the following treating physician(s) as well as "a summary of the facts and opinions to which the witness is expected to testify" *in accordance with Rule 26(a)(2)(C)(ii)*.

Dr. Barnett Johnston
Interventional Pain Institute
9001 Summa Avenue #346
Baton Rouge, LA  70809
(225)769-3636

*Summary of Facts and Opinions:*

Dr. Johnston is expected to testify concerning the facts and opinions found in his medical records for pain management treatment provided to Shaji Brown.

Dr. Johnston may testify that the first time he encountered Mr. Brown was on March 12, 2021.  Mr. Brown reported neck pain and middle and low back pain which began on June 28, 2020 when he felt sudden pain triggered by a work injury involving rail cars colliding and him falling to the ground.  Dr. Johnson noted that the pain was located at the middle of the lower back and middle of the thoracic region and radiates intermittently down the left leg.  Dr. Johnston noted other symptoms such as numbness in Mr. Brown's left hip and muscle spasm in his back and left quad.  Mr. Brown reported that his pain felt dull and achy.  Based on Mr. Brown's statements, treatment, and diagnostic testing, Dr. Johnston will likely opine, more likely than not, that Mr. Brown's neck and back injuries and treatment were caused, in whole or in part, by the railroad switching event on June 28, 2020.

Dr. Johnston may testify that an MRI of Mr. Brown's thoracic spine showed degenerative findings which were likely exacerbated by this injury. The MRI also showed a disc bulge with annular tear at L4-5, which he will opine, more likely than not, was caused by June 28, 2020 event and is now causing his lower back pain radiating down his left leg.  Dr. Johnston may also render opinions that any pre-existing spine issues were exacerbated by the June 28, 2020 railroad event.

Dr. Johnston has recommended and performed left L4-5 transforaminal epidural steroid injections.  Dr. Johnston has diagnosed Mr. Brown with Neuropathy, Cervicalgia, Cervical Radiculopathy, Lumbar Disc Disease as well as Lumbar Radiculopathy.

Concerning his opinions regarding work and physical restrictions, Mr. Brown will need a present condition evaluation.

*This ends our disclosure with regard to Dr. Johnston to Rule 26(a)(2)(C) subject to further on-going discovery and medical treatment.*

**DAVIS, SAUNDERS & MILLER**
A PROFESSIONAL LAW CORPORATION

Dr. Lacie Alfonso
Baton Rouge South VA Clinic
7850 Anselmo Lane
Baton Rouge, LA 70810
(225)768-6419

*Summary of Facts and Opinions:*

Dr. Alfonso is expected to testify concerning the facts and opinions found in medical records from the Baton Rouge VA Clinic starting in 2020.

Dr. Alfonso evaluated Mr. Brown at his initial encounter on August 7, 2020 diagnosing Mr. Brown with Neck, Thoracic, and Lower Back Pain. Dr. Alfonso referred Mr. Brown to physical therapy at the VA clinic. Dr. Alfonso may testify concerning Mr. Brown's specific history of experiencing cervical, thoracic, and lumbar pain related to falling backwards while on the job working for the railroad. Dr. Alfonso may further testify that Mr. Brown explained that he was pulling a lever when another train crew hit the car and fell backward onto his spine.

Dr. Alfonso may render opinions that based on Mr. Brown's statements, treatment, and diagnostic testing, found in his medical records and summarized above that, more likely than not, Mr. Brown's neck, thoracic and back injuries and treatment were caused, in whole or in part, by the railroad switching event on June 28, 2020. Dr. Alfonso may also render opinions that any pre-existing spine issues were exacerbated by the June 28, 2020 railroad event. Finally, Dr. Alfonso may render opinions concerning her referral of Mr. Brown to physical therapy as well as pain management performed by Dr. Johnston.

Concerning opinions regarding work and physical restrictions, Mr. Brown will need a present condition evaluation.

*This ends our disclosure with regard to Dr. Alfonso pursuant to Rule 26(a)(2)(C) subject to further on-going discovery and medical treatment.*

Plaintiff also lists the following witnesses that will provide expert testimony pursuant to Rule 26(a)(2)(B), "*Witnesses Who Must Provide a Written Report*" and who have issued the appropriate report:

Randolph Rice, Ph.D., Economist
7048 Mointeau Court
Baton Rouge, Louisiana 70809

This completes our expert disclosure. Should you have any questions or concerns, please do not hesitate to contact me.

**DAVIS, SAUNDERS & MILLER**
A PROFESSIONAL LAW CORPORATION

Very sincerely,

**DAVIS, SAUNDERS & MILLER**

*/s/ Joseph M. Miller*

JOSEPH M. MILLER