UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHAJI BROWN** | * | **CIVIL ACTION NO. 21-843** |
| | * | |
| **versus** | * | **SECTION: I** |
| | * | **HON. LANCE M. AFRICK** |
| **ALABAMA GREAT SOUTHERN** | * | |
| **RAILROAD COMPANY** | * | **MAGISTRATE NO. 5** |
| | * | **MAG. JUDGE MICHAEL B. NORTH** |

* * * * * * * * * * * * * * * * *

## THE ALABAMA GREAT SOUTHERN RAILROAD COMPANY'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEFING AS REQUESTED BY THE COURT (Rec. Doc. 53 and 56)

Defendant, The Alabama Great Southern Railroad Company ("AGS"), respectfully submits this memorandum responding to Plaintiff Supplemental Brief (Rec. Doc. 56), as ordered by the Court in the Order and Reasons (Rec. Doc. 53). The Court ordered "… Brown shall submit supplemental briefing with respect to the evidence he would offer at trial regarding his work-life expectancy if Rice is not permitted to testify as to that issue." *Id.* Plaintiff's supplemental briefing does not identify evidence that would be offered in the event Rice is not permitted to testify. Instead, plaintiff attempts to correct deficiencies in Rice's report by supplementing Rice's analysis with new evidence and authority, as set forth in the proposed addendum report. Plaintiff's request to supplement Rice's report goes beyond the Court's order and seeks new relief from the Court. AGS respectfully requests that the Court strike Rice's addendum report and preclude plaintiff from supplementing his expert report after the close of discovery, after the deadline for expert disclosures, and on the eve of trial.

4692051_1.docx

Rice's only timely filed expert report includes zero authority, statistical averages, or evidence supporting work life expectancy. The sources cited in the purported addendum report were not identified by Plaintiff during discovery, produced as an exhibit, or included in the original report filed pursuant to the Court's scheduling order. Plaintiff now seeks leave to offer an addendum report, outside the clear directives set forth in the scheduling order, in response to a request for additional briefing on what evidence Plaintiff would offer if Rice were excluded. AGS respectfully asks that the Court deny plaintiff's request to supplement Rice's report and find that Plaintiff has identified zero evidence to be offered in the event Rice is not permitted to testify.

In the event Rice is not permitted to testify, plaintiff will not have expert testimony regarding his work life expectancy. Plaintiff would be unable to introduce the statistical tables referenced in the supplemental briefing as these tables were not identified on Plaintiff's exhibit list (Rec. Doc. 36) or the joint pretrial order (Rec. Doc. 54). Plaintiff's supplemental briefing does not identify evidence that would be offered in the event Rice is not permitted to testify. Given this lack of evidence, AGS's respectfully requests that the Court reconsider and enter an Order granting AGS' Motion to Exclude the testimony of Dr. Randolph Rice (Rec. Doc. 42 and 53).

        Respectfully submitted,

        */s/ Benjamin R. Slater, III*
        BENJAMIN R. SLATER, III, #12127
        ALEXANDER J. DEGIULIO, #38184
        **CHAFFE McCALL, L.L.P.**
        2300 Energy Centre
        1100 Poydras Street
        New Orleans, LA  70163-2300
        Telephone: (504) 585-7000
        Facsimile: (504) 544-6095
        Email:  benjamin.slater@chaffe.com
               alex.degiulio@chaffe.com

            **-AND-**

        Robert S. Hawkins, PA Bar No. 39862
        Andrew J. Rolfes, PA Bar No. 78809
        Cozen O'Connor
        One Liberty Place
        1650 Market Street
        Suite 2800
        Philadelphia, PA 19103
        Telephone: (215) 665-2015
        Facsimile: (215) 701-2098
        Email:  rhawkins@cozen.com
               arolfes@cozen.com
        *Attorneys for Defendant,*
        *The Alabama Great Southern Railroad Company*